FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 FEB 18 PM 2: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEBRA RAMEY                    )
                               )
    Plaintiff,                 )
                               )
vs.                            )    CV 97-PT-1154-E
                               )
OLIVETTI NORTH AMERICA         )
                               )
                               )
                               )
    Defendant.                 )

MEMORANDUM OPINION

ENTERED
FEB 1 8 1998

### I. BACKGROUND

Plaintiff Debra Ramey was employed by Commercial Credit of Alabama Incorporated at its Creekside Dr. branch in Oxford, Alabama ("Commercial") between August, 1990 and December, 1994. Defendant Olivetti North America ("Olivetti") installed and allegedly made several service calls on the computer system at the Creekside branch. On or about December 12, 1994, Rick Largent, an Olivetti computer technician allegedly made a service call on the Creekside system. Ramey contends that Largent left the computer and phone cords running to her desk in a hazardous condition and that, as a result of the condition, on December 23, 1994, she became entangled in the cord(s) tripped, fell and



sustained significant injuries.

## II. CONTENTIONS OF THE PARTIES

### A. Defendant's Contentions

Olivetti asserts that it is due summary judgment as Ramey, 1) is unable to establish the necessary elements of a negligence case, wantonness or willfulness; 2) is guilty of contributory negligence which is the proximate cause of her injuries; and 3) assumed the risk related to the conditions of the cords, absolving Olivetti from liability.

1. Ramey fails to make a prima facie case of negligence.

The defendant concedes there is at least an issue of fact on whether it owed a duty to Ramey and whether it breached that duty. Olivetti argues that any breach of duty, caused by Rick Largent, representing Olivetti, was not the proximate cause for Ramey's injuries. Defendant contends that after Largent exposed the two cords in question, Ramey re-routed and taped down the cords in a different configuration than Largent left them. She taped the phone cord to the outside of the desk and taped the computer cord to the inside of the desk. She then put both cords "going visa versa through this third drawer."[1] The computer

---

[1] This was the way Mrs. Ramey described what she did with the cords in her deposition testimony. Ramey Depo 159-160.

cord, taped to the inside of her desk was in the knee hole, close to her feet. At the time of the accident, this was the condition of the cords. She became entangled in the cords that she positioned and subsequently fell. Her repositioning of the cords and then taping them down amounted to a substantial intervening cause for her injury. The proximate cause of her injuries was her own acts, not Largent's positioning of the cords after his second service visit in December 1994. The chain of proximate causation was broken at the time Ramey acted on the cords. Olivetti should be absolved from liability.

    2.   Ramey was contributorily negligent.

Olivetti contends that Ramey's actions amount to contributory negligence which acted as the primary cause for her injuries. First, she knew of the condition. Ramey had knowledge of the exact location of the cords as she was the one who repositioned them in a configuration of her choosing. She taped the phone cord to the outside of the desk. She taped the computer cord to the inside of her desk. Second, Olivetti contends that Ramey appreciated the danger under the surrounding circumstances. She told Rick Largent that somebody was going to get hurt from these cords and told him they would send him the bills for the resulting damages. At deposition, Ramey admitted that she knew that the cords were there, realized that they

presented a hazard and that she could get her feet tangled, trip and get hurt. Finally, Olivetti contends that Ramey failed to exercise reasonable care by placing herself in the way of danger. Ramey was in the best position of knowledge and control over the hazard. She worked with the cords in the condition that caused the accident every day for at least two weeks before she fell over them. She was the one that put them there. During the preceding two weeks she used reasonable care and avoided the entanglement, evinced by the fact that she did not fall. But on December 23 she failed to use reasonable care.

3. Ramey assumed the risk associated with the cords and their condition.

Olivetti contends that Ramey knew the risk, worked with it for weeks and did not try to avoid it. She did not try to get help, in an attempt to reposition the cords where they belonged, out of harm's way. In fact, directly after her fall, David Nichols and Bo Champion picked up the desk and replaced the cords. The easiest thing for her to do, at the time, was to re-route the computer cord over the left side of her desk where it was not a danger to anyone.

4. Olivetti was not guilt of wantonness, recklessness, nor willfulness.

4

Defendant contends that Ramey is unable to prove, either by substantial or clear and convincing evidence, that it is guilty of wanton conduct. Defendant did not act with reckless indifference to the possibility of an accident such as the one here at issue. Largent conceded to Ramey, on the day of his second visit, that they needed to do something about the hazard created. Largent was not one who had no regard for the consequences of his actions.

Furthermore, Olivetti contends that it is not guilty of willfulness. At no point did Olivetti or Largent intend to cause Ramey's accident. There was no design or purpose to inflict injury on the plaintiff.

### B. Plaintiff's Contentions

Plaintiff maintains that there is at least a genuine issue of material fact as to defendant's negligence and wantonness. She also claims that she can disprove any allegations of contributory negligence or assumption of risk.

1. Defendant's negligence was the sole and proximate cause of Ramey's injuries.

Ramey contends that her taping of the cords was not an independent and intervening cause of her injuries. By taping

5

them, she was attempting to take a remedial measure to avoid injury. She claims that it was not an interference with Largent's action, which was the true cause of the accident. It was not an intervention sufficient to have been the sole cause-in-fact of her injury. But for the cords being draped across the front of Ramey's desk by Largent, Ramey's act would not have been sufficient to cause her injury. Accordingly, Ramey's taping was not a new and independent cause which broke the natural and continuous sequence of defendant's acts or omissions.

Most importantly, Ramey asserts that she did not re-route the computer cord after Largent's second visit. She claims she was afraid to disturb the current setup since she had been experiencing so many problems with her computer. She called "Most" to tell him? of the hazard and he told her to just tape them down where they lay.

Olivetti argues that the testimony that she only taped the cords in their original position is nowhere in the record. Defendant directs the court to two places in the plaintiff's brief where she relies on this fact. It also asks the court to refer to Ramey's deposition testimony at pages 150, 159 and 160 where she describes how she moved the cords and taped them in her own customized configuration. There would have been no injury

without Ramey's rerouting of the cords. She cannot establish that defendant's conduct was the proximate cause of the injury.

2. Ramey was not guilty of contributory negligence.

Ramey contends that Olivetti cannot meet her burden of proof that her actions proximately caused the accident. The present case is nothing like those cited in defendant's brief in that Ramey took no affirmative action which caused the incident resulting in her injuries. She took no such affirmative action. She stood up and attempted to walk away. Ramey concedes that she knew of the condition and appreciated the danger. She rejects any claim that she placed herself in the way of danger by failing to exercise reasonable care. At the moment she stood up, however, she did not feel the cords on her feet, and did not appreciate the danger of the condition because she knew she had taken reasonable care by taping the cords. Ramey took all reasonable precautions to avoid danger by taping the cords to her desk and placing the excess length through her desk drawer.

Olivetti contends that Ramey was well aware of the cord and appreciated the danger. The cords were where she placed them and worked with everyday for two weeks. She cannot now argue that she forgot about the danger at the moment of her accident.

7

3. Ramey did not assume the risk.

Ramey contends that she attempted to avoid the cords through every way possible. No one was available to move the desk for her such that the cords would be covered. Largent realized the danger and did nothing to abate it. Ramey contends that she did not feel at liberty to unilaterally move the cords to another location because of her manager's unease about the malfunctioning of the computer system. Ramey's attempt to remedy the situation and her notification of the defendant's service technician demonstrate that plaintiff did not voluntarily expose herself to the risk of injury.

Defendant asserts that no reasonable person could conclude that an individual seeking to avoid entanglement with the cords would actually move the cords into the same area where she put her feet. No accident would have occurred had she just left them where Largent left them. Ramey created the condition that led to her injury. She voluntarily exposed herself to the risks.

4. Defendant's conduct was wanton.

Ramey contends that there is ample evidence that shows wantonness on behalf of Olivetti and Rick Largent. Ramey put Largent on notice of the dangerous condition of her cords. He had two weeks to remedy the situation, yet with reckless

8

indifference and disregard for the consequences of his actions, he did nothing to abate the danger. Largent created the danger, took notice of the danger, agreed that something needed to be done and then joked about someone getting hurt and getting the bill for the damages. In fact, Largent was present at a time previous when someone had tripped over the cords at plaintiff's desk.

Olivetti reiterates its earlier contentions regarding wantonness and further points out to the court that the plaintiff failed to respond to defendant's arguments as to wilfulness. As a result, Olivetti contends that the court should treat these points as conceded in favor of the movant.

### III. COURT'S CONCLUSION

The plaintiff acknowledges that Largent did not act willfully. The court concludes that there is not sufficient evidence to create an inference of wantonness. The court further concludes, however, that the issues of negligence, contributory negligence and assumption of the risk are for the jury to decide. While these issues may be close because of plaintiff's own knowledge, the court cannot conclude, as a matter of law, that plaintiff's purported remedial steps were unreasonable or that she acted unreasonably in continuing to work at the sation or

that she acted unreasonably at the time of the incident.  Summary judgment is not due to be granted.

DONE and ORDERED this 12TH day of Feb 1998

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE